UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22432-CIV-LENARD/GARBER

ERICH HUMBERTO LIMA MORENO,

    Petitioner,

v.

ERENEIDY GARCIA MARTIN

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received Petitioner's Verified Motion to Tax Necessary Expenses [DE 48]. After due consideration, and for the reasons set forth below, this Court respectfully recommends that Petitioner's motion pursuant to 42 U.S.C. § 11607 be GRANTED, with a minor reduction to account for excessive hours billed.

**FACTUAL BACKGROUND**

Mr. Lima initiated this action against Ms. Garcia on September 3, 2008, by filing a Verified Petition for Return of Minor Child to the Kingdom of Spain. The action was brought pursuant to The Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601-10. On October 10, 2008, the Court found that Ms. Garcia wrongfully removed their child from Spain and recommended that the child be returned to Spain with Mr. Lima for a determination of custody to be made by the Spanish court.

Judge Lenard adopted this Recommendation and ordered the return of the child. Mr. Lima now moves for an award of necessary expenses and attorneys' fees pursuant to ICARA.

## DISCUSSION

### A. Attorneys' Fees

ICARA provides a clear basis for an award of attorneys' fees. The relevant section provides as follows:

> Any court ordering the return of a child pursuant to an action brought under [ICARA] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). Mr. Lima is entitled to recover necessary expenses, including legal fees, because the court ordered the return of his child. Respondent has not established that it would be inappropriate to order her to pay these expenses. Moreover, in contravention of this Court's order, she failed to respond to Mr. Lima's Motion for Costs and Verified Motion to Tax Necessary Expenses [DE 50]. As a result, Mr. Lima's Motion for Costs has already been granted by default [DE 54]. His Verified Motion to Tax Necessary Expenses should be granted as well because an award is both authorized by statute and unchallenged by Ms. Garcia.

The Supreme Court has held that "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). The resulting figure is known as the "lodestar." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988).

1. Hourly Rate

A reasonable hourly rate can be measured by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984)). The Eleventh Circuit has held that "[e]vidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." Norman, 836 F.2d at 1299. Attorney James K. Green, who has frequently testified as an expert on attorneys' fees, opined that the hourly rates billed by Mr. Lima's attorneys are in line with current market rates for similarly qualified attorneys in the Southern District of Florida [DE 48-5, ¶ 20]. Attorney Green found that the current rate for a comparable partner is $350 to $400 per hour. The partner who worked on Mr. Lima's case billed $350 and $375 per hour.[1] Attorney Green further found that the current rate for a comparable mid-level associate is $275 to $325 per hour. The primary associate in this case billed $265 and $320 per hour. Finally, Attorney Green testified that the rates billed by the junior associates who worked on this case were also within the range of current market rates.

Additionally, a court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 826 F.2d at 1303 (citing Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940). Based on its knowledge of hourly rates commonly charged in the Southern District of Florida by attorneys of similar experience and skill, the Court finds that the hourly rates sought by Mr. Lima's counsel are reasonable.

---

[1] An increase in Holland & Knight's billing rates took effect during the course of litigation, resulting in two billing rates.

2. Number of Hours

The lodestar amount should not include hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The concept of "billing judgment" applies as much in a statutory fee-shifting setting as it does between an attorney and client. Id. The Court finds that Mr. Lima's counsel have, for the most part, exercised billing judgment. However, for the reasons set forth below, the Court finds the number of hours billed to be somewhat excessive. Accordingly, a reduction is in order.

Mr. Lima incurred $199,186 in legal fees, based on 690.8 hours of work [DE 48 at 4].[2] His attorneys have submitted a large fee application containing time entries for over 600 hours. They have reduced the number of billable hours by 80.3 (a value of $24,689.50) to account for the possibility of duplicative or unnecessary efforts [DE 48 at 7]. The revised figure also eliminates the hours of all timekeepers who devoted fewer than ten hours to the case. This leaves the following six attorneys and billed hours: R. Watson - 297.8 hours; B. Barfield - 147.8 hours; B. Toth - 76.2 hours; P. Nemerovski - 49.2 hours; M. Vila - 19.9 hours; M. Llorente - 19.5 hours. The total number of hours sought is 610.4, with a value of $174,496.50 [DE 48 at 7].

The Court recognizes that this case presented unique challenges to Mr. Lima's counsel, particularly in light of the need to consult with Spanish counsel and to research Spanish law. Additionally, Mr. Lima's attorneys exhibited great skill in litigating the matter successfully. However,

---

[2] Although Mr. Lima was represented on a *pro bono* basis, his agreement with Holland & Knight provided that the firm would be entitled to all fees awarded by the Court [DE 48-4]. He thus incurred the fees for purposes of ICARA. See, e.g., Antunez-Fernandes v. Connors-Fernandes, 259 F.Supp.2d 800, 817 (N.D. Iowa 2003)(awarding attorneys' fees to prevailing petitioner under ICARA, where representation was on a *pro bono* basis with the understanding that fees would be available should petitioner prevail).

4

some of the time entries in the fee application cannot be analyzed effectively by the Court because they encompass numerous tasks, making it impossible to determine how much time was spent on each. In other instances, multiple attorneys have billed hours for attending the same meetings. Moreover, certain tasks resulted in more billed hours than the Court can justify awarding. For example, at least 75 hours were billed between September 21 and September 25 for "preparation for final hearing."[3] The self-imposed reduction of 80.3 hours does not fully account for these deficiencies.

The Eleventh Circuit has recognized that "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." Norman, 836 F.2d at 1301. Where a fee application is voluminous, the court "need not engage in an hour-by-hour analysis." Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994). Rather, the Court may impose an overall reduction in hours if it determines that excess hours were billed. Kenny A. v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008), cert. granted, 129 S. Ct. 1907 (U.S. 2009). Given the deficiencies noted above, it would be impractical for this Court to attempt to engage "in the pick and shovel work necessary to make a more precise determination." Id. Therefore, and in light of the Court's determination that the deficiencies were not egregious, the Court finds that a 15% reduction in the number of hours requested would fully compensate for the excess hours billed. Thus, the lodestar amounts to $148,322.03.[4]

---

[3] Again, the Court notes that it could not determine precisely how many hours were devoted to this task because multiple tasks were included in each time entry. However, 75 hours is a conservative estimate of the amount billed.

[4] $174,496.50 x .85 = $148,322.025.

5

The Supreme Court has held that there is a "strong presumption" that the lodestar represents the "reasonable" amount of attorneys' fees under a fee-shifting statute. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)(hereinafter Delaware Valley 1). Upward adjustments are appropriate only in "rare" and "exceptional" circumstances. Id. Such circumstances do not exist here. See Norman, 836 F.2d at 1302 ("an outcome that is not unexpected in the context of extant substantive law will not ordinarily be exceptional"). Additionally, while the Fifth Circuit set out 12 factors to be considered in determining the size of a fee award in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the Supreme Court has held that many of the factors are "presumably fully reflected in the lodestar amount." Delaware Valley 1, 478 U.S. at 565. Thus, the lodestar amount of 148,332.03 should not be adjusted.

### B. Expenses

As stated above, ICARA provides that "transportation costs related to the return of the child" shall be paid by the unsuccessful respondent. 42 U.S.C. § 11607(b)(3). Mr. Lima incurred expenses in the amount of $3,808.14 for his tourist visa application, and for airfare for himself and his daughter [DE 48-2]. The Court finds an award of such expenses to be appropriate, as they are related to the return of the child. See, e.g., Freier v. Freier, 985 F.Supp. 710, 714 (E.D. Mich. 1997)(approving airfare for parent and child as an expense under ICARA). Mr. Lima also incurred expenses of $83.81 for delivering documents from the Spanish court, at the request of this Court and Ms. Garcia. This amount qualifies as court costs and should be paid by Ms. Garcia. Additionally, the $93.75 paid to a private investigator to confirm the child's address qualifies as a legal fee and is thus to be reimbursed. Finally, Mr. Lima incurred $9,980 in expenses for a court-appointed guardian ad litem. As the appointment was necessary for the care of the child, this expense is to be paid by Ms.

6

Garcia.  42 U.S.C. §11607(b)(3).  Accordingly, Ms. Garcia shall pay the $13,965.70 of necessary expenses incurred by Mr. Lima [DE 48-2].  This payment shall be in addition to the reasonable attorneys' fees, as measured by the lodestar approach.

### CONCLUSION AND RECOMMENDATION

For the reasons set forth above, and based upon the Court's review of the record and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that Petitioner Erich Humberto Lima Moreno's Verified Motion to Tax Necessary Expenses be GRANTED in the amount of $162,297.73.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Joan A. Lenard.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 22nd day of June, 2009.

*[signature: Barry L. Garber]*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE